## McALISTER v. HAMILTON.

1. Res Judicata—Supreme Court.—Judgment of Supreme Court by virtue of an equal division of the Justices thereof, modifying the Circuit decree, is *res judicata* as to questions raised therein. Mr. Chief Justice McIver *dissents.*

2. Ibid.—Questions raised here as to liability of parties under contract of sale of timber have been settled in former suits. Mr. Chief Justice McIver *dissents.*

Before GARY, J., Oconee, November, 1899.   Affirmed.

Action by 'Charles McAlister against W. O. Hamilton. From order dismissing complaint, plaintiff appeals.

*Messrs. M. F. Ansel* and *Cothran & Cothran,* for appellant, cite: *Requisites of plea of res judicata:* 17 S. C., 40.

*Messrs. Stribling & Herndon,* contra, cite: *Questions raised here were or might have been raised in former action, and are res judicata:* 49 S. C., 230; 16 S. C., 621; 17 S. C., 189; 26 S. C., 178; 21 Ency., 193.

June 22, 1901.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The facts out of which this controversy arose are set out in the decree of his Honor, the Circuit Judge, which is as follows: "This case is a continuation of the controversy involved in the case of *Hamilton* v. *McAlister,* reported in 49 S. C., pages 230-242.   The facts of that case are fully stated there, and need not be repeated here.   In that case the Court decided as follows: 'The Circuit Judge has gone too far, however; he ought to have contented himself with a reformation of the contract by giving plaintiff credit on his indebtedness to defendant as of the 19th November, 1894, for the sum of $431.85, which result is reached by us in this way: The witness, Fred White, testified that he counted the trees on land taken by Mrs. C. H. Biemann to be 612; on lands claimed by both McAlister and Wickliffe, 348 trees, and on McAlister's land, undisputed, 456 trees.   These aggregate 1,416 trees.   By a calculation it will be seen that plaintiff agreed to pay 70.565 cents per tree.   Thus making the 612 trees, lost by plaintiff through title of Mrs. Biemann, worth $431.85.   The plaintiff should be required to keep his contract as to the trees on McAlister's own land * * * Defendant should be required to pay nothing to plaintiff, but should only be required to enter a credit, as of 19th November, 1894, on the two notes still outstand-

ing for the amount of $486.85, as hereinbefore ascertained, and also the privilege to Hamilton, for and during the remainder of the year 1897, to cut and remove the timber on lands of defendant under his contract.' Now, McAlister, defendant in that case, brings his suit, as plaintiff, in this case against Hamilton, as defendant, who was plaintiff in that, alleging that Hamilton, in carrying out the contract as interpreted by the Supreme Court, cut from McAlister's land 864 trees more than he was entitled under the contract, of the size designated therein, alleged to be worth $609.80, and asking judgment against Hamilton for that amount. Hamilton answers, denying all the allegations of the complaint, which are relied on to charge him with being due the plaintiff anything, and especially pleads that the whole matter is *res judicata.* By consent of counsel, the whole case is submitted to me for decision on the plea of *res judicata.* My judgment is that this plea should be sustained. The parties are the same, and the subject matter is the same, and the Supreme Court seems to me to have disposed of the whole matter by fixing the exact amount that Hamilton should pay McAlister for his timber, and the exact time Hamilton should have in which to cut the whole of the timber of the dimensions named. It is not claimed that Hamilton has not paid the whole amount decreed to be paid by him for the timber, or that he has in any other way failed to comply with the contract as decreed by the Supreme Court. The only contention is that Hamilton actually got more trees left on the McAlister land proper than was considered in the calculation made by the Supreme Court. But it should not be forgotten that the trees were bought in bulk, for a round sum, and not by the tree, and the calculation resorted to by that Court was not to ascertain and decree what number of trees Hamilton should be allowed to cut, for he had bought them all, but to ascertain the amount of credit McAlister should give him for the trees taken by Biemann. The Supreme Court was endeavoring to modify the Circuit decree, which ordered a recision of the whole contract, so as

to make it more favorable to plaintiff in this case, by ascertaining the amount of credit plaintiff should enter by reason of the trees lost to Hamilton on his contract. The Court did ascertain this from the undisputed testimony in that case, and decreed accordingly. There should be an end of litigation. Plaintiff had his day in Court. The matters contended for by him in this case are now *res judicata.* Let the complaint be dismissed with costs."

The plaintiff appealed upon several exceptions, which it is not necessary should be considered in detail, as the practical question is whether there was error in sustaining the defense of *res judicata.* The decree of the Circuit Judge is sustained by the reasoning, upon which it is based.

The opinion in the former case concludes as follows: "This being my conclusion, concurred in by Mr. Justice Jones, although not concurred in by the other two Justices, the effect is that the judgment of the Circuit Court is modified in accordance with the views hereinbefore announced by me. It is accordingly so adjudged."

The matter now in dispute was considered and disposed of by the Court, and no question was left open by the former opinion. We fail to see how it can be brought again in review. *Jennings* v. *Parr,* 54 S. C., 109.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE JONES *concurs in result.*

MR. CHIEF JUSTICE McIVER, *concurring.* It seems to me that there was error in sustaining the plea of *res judicata.* That plea is based upon the alleged judgment rendered by this Court in a previous case between these same parties, relating to the same subject matter, in which the defendant herein brought an action against the plaintiff herein to rescind a written agreement entered into by said parties for the sale by McAlister to Hamilton of all the timber trees of

certain special dimensions growing on the land of McAlister, known as the Gibson tract, for the sum of $1,000, to be secured by three notes of Hamilton, payable to McAlister at different dates; and also to cancel said notes, and to require McAlister to refund to Hamilton the money paid by him to McAlister on the note first becoming payable, with interest from the date of such payment. See the case of *Hamilton* v. *McAlister*, 49 S. C., 230. That action was based upon the ground that said written agreement was entered into under a mutual mistake as to the boundaries of said tract of land. The Circuit Judge who heard that case (his Honor, Judge Benet,) held that the agreement should be rescinded, the notes cancelled, and the amount paid on the first note by Hamilton should be refunded, and rendered judgment accordingly. From that judgment McAlister appealed to this Court, when this Court was equally divided—two of the Justices holding that the Circuit Judge had gone too far in rescinding the entire agreement and cancelling the notes, and were of opinion that the judgment should be modified in accordance with the views stated in the opinion of Mr. Justice Pope and concurred in by Mr. Justice Jones, while the other two Justices dissented—holding that the judgment of the Circuit Court should be reversed and the complaint dismissed. From this it would seem that no judgment was ever rendered in the former case between these parties, and hence there would be no room for the plea of *res judicata.*

But, as I infer from what is stated in the complaint in this case, all parties seem to have treated the views presented by Mr. Justice Pope, and the conclusion which he reached in the former case, concurred in by Mr. Justice Jones, as the judgment of this Court in that case; and while I do not agree to the correctness of that view, yet I am not disposed to interfere with this action of the parties. The only points upon which the entire Court was agreed in the former case, were that Judge Benet had erred in rendering judgment that the written agreement should

be rescinded, the notes given in conformity to its terms cancelled, and the money paid by Hamilton to McAlister should be refunded. Assuming, however, as the parties seem to have done, that the judgment of this Court in the former case was in accordance with the view presented by Mr. Justice Pope in his opinion in that case, still I think it afforded no basis for a plea of *res judicata,* for the reason that the question presented in the present case was not and could not, *at that time,* have been adjudicated in the former case. The only object of the calculation, or estimate, made by Mr. Justice Pope in his opinion, was to ascertain what was the number and value of trees which Hamilton lost by reason of the claim of Mrs. Biemann to a part of the land upon which Hamilton had bought *all* of the trees of the specified dimensions, in order to determine what credit Hamilton should be allowed on the contract price of the trees which he bought, or rather supposed he was buying. In other words, the only question made in the former case was what credit Hamilton should have on his contract with McAlister on account of the loss of the trees taken by Mrs. Biemann; and there was not and could not have *then* been any question raised as to the number or value of the trees which Hamilton was to get from McAlister. The question in the present case is whether McAlister is entitled to claim from Hamilton pay for all the trees cut by him on the land of McAlister at a price which each tree was estimated to be worth in the former case, when the sole object was to ascertain the amount of credit to which Hamilton was entitled by reason of the trees which he lost through the claim of Mrs. Biemann. That is a totally different question from that raised and determined in the former case, and is not concluded by the plea of *res judicata.* But aside from the defense set up by the plea of *res judicata,* it seems to me very clear that the plaintiff is not entitled to recover in this case, and that there was no error in dismissing the complaint. The plaintiff having contracted to sell *all* of the trees of certain specified dimensions, at a lump sum, on his Gibson tract of land, he

is not entitled to recover anything more than the contract price, even though the number of such trees should turn out to be much greater than was estimated. The fact that the plaintiff may have sustained some loss by reason of an erroneous estimate made in the former case, as seems to be the fact, if the allegations of the complaint in the present case be true, cannot affect the present inquiry. I concur, therefore, in the result.